RALPH BROWN CO. v. NORWICH UNION FIRE INS. SOC.

(Circuit Court, N. D. California.   June 27, 1910.)

No. 14,989.

INSURANCE (§ 579*)—ADJUSTMENT OF LOSS—SETTLEMENT—CONSTRUCTION—"VOLUNTARY."

    An insurance company, pursuant to a settlement by which it paid 50 per cent. of the loss, stipulated that if at any time in the future it adopted any other plan of settlement under or by reason of which the rate of payment was "voluntarily" raised by the company in the district in which plaintiff's property insured at the time of the fire was situated, or if as to any policy holder of the company having a claim for loss in such district under similar conditions a payment at a higher rate was made, plaintiff should be given the benefit of that rate and the settlement increased to that extent. *Held*, that the clause "if as to any policy holder * * * a payment at a higher rate is made" should be construed in connection with the provision that if the rate of payment was "voluntarily raised," etc., and hence the fact that defendant was compelled to pay judgments recovered for losses in the district, imposing full liability, did not entitle plaintiff to recover the unpaid portion of his loss, payment of such judgment not being "voluntary" within the terms of the settlement.

    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 579.*

    For other definitions, see Words and Phrases, vol. 8, p. 7342.]

At Law.   Action by the Ralph Brown Company against the Norwich Union Fire Insurance Society.   On motion to strike out as irrelevant and redundant certain portions of the answer.   Denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mastick & Partridge, for plaintiff.
T. C. Van Ness and Chas. W. Slack, for defendant.

VAN FLEET, District Judge. This is a motion to strike out, as irrelevant and redundant matter, certain portions of the answer.

The complaint counts upon a demand claimed to have arisen under certain policies of fire insurance issued by the defendant upon the property of the plaintiff. It is alleged, in substance, that a loss having occurred under said policies through the destruction of the property in the fire of April 18, 1906, the defendant refused to pay the full amount of the claim therefor, but offered by way of settlement and compromise to pay plaintiff 50 per cent. of the loss in full of all demands thereunder, and at the same time offered to stipulate with plaintiff in writing that:

"If at any time in the future the company adopts any other plan of settlement than that under which the settlement has been made with you and under or by reason of which the rate of payment is voluntarily raised by the company in the district in which your property insured with us at the time of the fire was situate, or if, as to any policy holder of this company having a claim for loss in said district under conditions similar to yours, a payment at a higher rate is made then you will be given by said company the benefit of that rate and the settlement with you increased to that extent."

It is alleged that this offer of defendant was accepted by plaintiff; that subsequently the defendant did pay to certain other of its policy holders having claims arising under conditions precisely similar to that of plaintiff and on property situated in the same district the full face value of such claims, and has thereby become liable to plaintiff under its contract for the balance of its claim, which defendant has failed after demand to satisfy.

The defendant by its answer, while admitting the making of the compromise settlement with plaintiff as alleged, sets up that the payments made by it to other claimants at a higher rate as alleged in the complaint were not voluntarily made, but were made only in satisfaction of judgments which were duly given, made, and entered in favor of such claimants and against the defendant in cases where the compromise offered by defendant had been refused, and that it made no other or further payments to said claimants or either of them than such as were compelled in satisfaction of such judgments.

These averments as to the circumstances under which the payments were made by defendant to such other claimants the plaintiff now asks to have stricken from the answer as wholly immaterial and irrelevant and not tending to constitute any defense upon the theory that, under its contract of compromise as above set forth, any payment by defendant of an increased rate no matter what the circumstances, fixes its right to and entitles plaintiff to demand the same rate.

As tentatively suggested at the argument, I think this attitude involves a misapprehension of the scope and effect of the composition. The contract is to be construed with reference to the transaction or subject-matter to which it relates, and upon which the minds of the parties were centered at the time it was entered into. The matter in hand as disclosed by the facts alleged in the complaint was the amica-

ble adjustment of the plaintiff's claim out of court and without litigation; and the stipulation for any further payment by its very terms had reference to a "voluntary" raising by defendant of the rate of payment in any subsequent settlements as the contingency upon which plaintiff's right to such increase should depend. It would be an unwarranted distortion of the terms of the writing to hold that it related to or included payments that might be made by defendant under the compulsion of hostile judgments such as counted upon in the answer. Plaintiff places reliance for its contention largely upon the last clause of the contract to the effect that, "if as to any policy holder * * * a payment at a higher rate is made," then plaintiff shall have a like increase; it being urged that this is a distinct and unequivocal stipulation unaffected by the preceding clause relating to a voluntary raising of the rate for the whole district. But obviously this construction cannot obtain. The contract must be construed as a whole. You cannot separate a clause or a sentence from its context and give it a meaning foreign to the purpose of the parties as gathered from the entire writing.

I am satisfied that the matter sought to be stricken out constitutes, if established, a substantive defense and cannot competently be eliminated.

As to the other matter sought to have stricken out, I am satisfied that plaintiff is mistaken as to the purpose of the denials involved. They are not intended as denials of the fact elsewhere admitted that plaintiff held the policy upon which its original claim was based and are not in their effect inconsistent with such admission. Taken as a whole and reading the denials and affirmative averments of the answer together, it sufficiently appears that all that is intended by defendant is to deny that there was ever on its part any liability to the plaintiff other than such as arises under the compromise agreement, the circumstances and conditions of which it was perfectly proper for defendant, upon its theory of the case, to set up.

The motion will be denied.